IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JEROME REID, et al.,               *

   Plaintiffs,                    *

      v.                         *      Civil No. RDB-10-01853

WELLS FARGO HOME MORTGAGE, et al., *

   Defendants.                    *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

Plaintiff Jerome Reid ("Plaintiff" or "Reid")[1], proceeding *pro se*, has brought this action against Defendants Wells Fargo Home Mortgage, Wells Fargo Bank, N.A., Constellation Energy Group, Inc. and Constellation Nuclear, LLC (collectively, "Defendants"). Plaintiff's Complaint alleges that, during his employment at the Nine Mile Point Nuclear Station, owned and operated by the Constellation Energy Group, Reid was the victim of a racially hostile work environment and of Defendants' failure to promote on account of race in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e *et seq.* ("Title VII"). Defendants Wells Fargo Home Mortgage and Wells Fargo Bank, N.A. (collectively "Wells Fargo") and Defendants Constellation Energy Group, Inc. and Constellation Nuclear, LLC (collectively "Constellation") have separately moved to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (ECF No. 16 & 19). In response to the Defendants motions, Plaintiff has filed two Motions to Vacate Motions to Dismiss (ECF Nos. 30

---

[1] Although Regina F. Reid is also listed on the Complaint, this action mainly, if not solely, concerns Reid. None of the paragraphs of the Complaint make reference to her.

& 31). However, those are not pending motions requiring disposition and will be DENIED as MOOT. The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2011). For the reasons that follow, Defendants Wells Fargo and Constellation's Motions to Dismiss (ECF Nos. 16 & 19) are GRANTED.

## BACKGROUND

In ruling on a motion to dismiss, the factual allegations in the plaintiff's complaint must be accepted as true and those facts must be construed in the light most favorable to the plaintiff. *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Moreover, a *pro se* litigant's complaint should not be dismissed unless it appears beyond doubt that the litigant can prove no set of facts in support of his claim that would entitle him to relief. *Goron v. Leeke*, 574 F.2d 11447, 1151 (4th Cir. 1978).

Reid is an African-American male. He filed this employment discrimination action on July 8, 2010. It arises out of events that occurred during his employment with Niagara Mohawk Power Corporation ("Niagara Mohawk") from 1985[2] to 2002, specifically his work on the Nine Mile Point Unit 2 Nuclear Station. Compl. at ¶¶ 18-22, ECF No. 1. The Constellation Energy Group currently owns and operates the Nine Mile Point Unit 2 Nuclear Station in Scriba, New York. Mem. of P. & A. in Supp. of Defs.' Mot. to Dismiss at p. 1, ECF No. 19. Niagara Mohawk, also known as National Grid, is located in Syracuse, New York and Constellation's headquarters are in Baltimore, Md. Compl. at ¶¶ 4, 17, 28. Reid alleges that "for ten years or more" Defendants subjected him to a racially hostile work environment and failed to promote him on account of race in violation of Title VII of the Civil Rights Act of 1964, as amended by

---

[2] Plaintiff's Complaint states "1895." The record demonstrates, however, that the correct year is "1985."

the Civil Rights Act of 1991, 42 U.S.C. § 2000e *et seq.* ("Title VII"). Compl. ¶¶ 18-42.[3] This is not the first time that Plaintiff has brought an employment discrimination action related to his employment at the Nine Mile Point Nuclear Station. It is, however, the first time that Reid brings claims in Maryland and names Wells Fargo as a Defendant.

On June 22, 2001, Reid filed a race discrimination action in the United States District Court for the Northern District of New York against Niagara Mohawk. After a detailed review of Plaintiff's claims and the record for that case, the court granted a motion for summary judgment in favor of the Defendant on January 31, 2006. *Jerome Reid v. Niagara Mohawk Corporation*, No. 5:01cv1026, 2006 WL 273020 (N.D.N.Y. Jan 31, 2006). Plaintiff then appealed that decision to the United States Court of Appeals for the Second Circuit, which dismissed the case on April 27, 2007. *Id.*, Dkt. No. 83. About a week later, on May 7, 2007, Reid then filed a second race discrimination action in the United States District Court for the Northern District of New York against PSEG, First Energy, Constellation Energy,[4] National Grid, Entergy Corporate Building, and FPL. *Jerome Reid v. PSEG, et al.*, 5:07cv0498, 2008 U.S. Dist. LEXIS 29063 (N.D.N.Y. Apr. 8, 2008). The court again dismissed it for failure to state a claim upon which relief may be granted. Defs. Constellation Nuclear, LLC and Constellation Energy Group Inc.'s Mem. of Law in Supp. of Mot. to Dismiss, ECF No. 17 [hereinafter Defs.' Const. Mot. to Dismiss]. The opinion in that case states that the complaints were "almost verbatim copies." *Id.* The Complaint in the present action is also a close duplicate

---

[3] In the Complaint under "First Cause of Action," Plaintiff refers to the New York Executive Law 296. Compl. at ¶ 33. Additionally, in the first paragraph of his Complaint, Plaintiff also makes reference to other statutes such as the Fair Labor Standards Act, the Employment Retirement Income Security Act, the Americans with Disabilities Act of 1990, Section 503 of the Rehabilitation Act of 1973, Executive Order 11246, the Energy Reorganization Act of 1974 and the National Labor Relations Act as well as the common law of New York. Compl. at p. 1 & ¶ 33. These statutes are only referred to in passing in Plaintiff's Complaint and are not relevant here.

[4] Constellation Nuclear, LLC was also a party in this suit. *See Jerome Reid v. PSEG, et al.*, 5:07cv0498, 2008 U.S. Dist. LEXIS 29063 (N.D.N.Y. Apr. 8, 2008), Dkt. No.19 p. 7; *see also* Defs.' Const. Mot. to Dismiss at 3, n. 3.

of the previous Complaints filed with the Northern District of New York. However, Plaintiff's current iteration of his Complaint only mentions Defendant Wells Fargo twice: first, the Complaint refers to exchanges of information between the Defendants, which Plaintiff qualifies as a conspiracy leading to his blacklisting; and second, the Complaint mentions Wells Fargo in the "Parties" section. (Compl. at p. 1 & ¶ 17)[5].

On December 21, 2010, Defendant Constellation moved to dismiss Plaintiff's Complaint for failure to state a claim for which relief can be granted. Constellation argues that *res judicata* precludes Plaintiff's from litigating this action. *See* Defs.' Const. Mot. to Dismiss, ECF No. 17. The next day, on December 22, 2010, Defendant Wells Fargo also moved to dismiss Plaintiff's Complaint for failure to state a claim. *See* Mem. of P. & A. in Supp. of Defs.' Mot. to Dismiss, ECF No. 19. Plaintiff then filed separate Motions to Vacate Motions to Dismiss, on April 25 and 26, 2011 with exhibits. *See* Mot. to Vacate Mot. to Dismiss, ECF Nos. 30 & 31. This document is essentially Plaintiff's response in opposition to Defendants' motions to dismiss and contains more information concerning his conspiracy allegations against Defendants. *Id.* The Plaintiff further states that Wells Fargo communicated foreclosure related papers to Niagara Mohawk as well as destroyed some of his personal records by placing them in the rain. *Id.* at ¶¶ 89-93. The rest of the motion is a reproduction of pages 6 through 12 of his Complaint. *Id*. at pp. 6-12. On May 5, 2011, Wells Fargo filed a response to Plaintiff's opposition, again requesting that this Court dismiss Plaintiff's Complaint with prejudice. *See* Reply to Pl.'s Opp'n to Def.'s Mot. to Dismiss, ECF No. 32.

---

[5] The first mention to Wells Fargo is in the first paragraph of the Complaint, which is not numbered.

STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted; therefore, "the purpose of Rule 12(b)(6) is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (internal quotation marks and alterations omitted) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). When ruling on such a motion, the court must "accept the well-pled allegations of the complaint as true," and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). However, this Court "need not accept the legal conclusions drawn from the facts, and [this Court] need not accept as true unwarranted inferences, unreasonable conclusions or arguments." *Nemet v. Chevrolet, Ltd. V. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009) (internal quotation marks and citation omitted).

A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Simmons v. United Mort. and Loan Inv., LLC*, 634 F.3d 754, 768 (4th Cir. Jan. 21, 2011); *Andrew v. Clark*, 561 F.3d 261, 266 (4th Cir. 2009). Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. "Even though the requirements for pleading a proper complaint are substantially aimed at assuring that the defendant be given adequate notice

5

of the nature of a claim being made against him, they also provide criteria for defining issues for trial and for early disposition of inappropriate complaints." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). To survive a Rule 12(b)(6) motion, the legal framework of the complaint must be supported by factual allegations that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The Supreme Court has explained that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim. *Ashcroft v. Iqbal*, 556 U.S. __, 129 S. Ct. 1937, 1949 (2009). The plausibility standard requires that the pleader show more than a sheer possibility of success, although it does not impose a "probability requirement." *Twombly*, 550 U.S. at 556. Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Thus, a court must "draw on its judicial experience and common sense" to determine whether the pleader has stated a plausible claim for relief. *Id.* at 1950.

## ANALYSIS

Plaintiff's Complaint essentially asserts two causes of action relating to employment discrimination in violation of Title VII: (1) Defendants subjected Reid without remedy to a racially hostile work environment and (2) Defendants failed to promote Reid on account of his race. Defendants Wells Fargo and Constellation filed two distinct 12(b)(6) motions. This Court will address Defendants Motions to Dismiss separately.

**I.    Wells Fargo's 12(b)(6) Motion**

The Defendant Wells Fargo moved for the dismissal with prejudice of Plaintiff's Complaint because "even a liberal reading of the Complaint" does not indicate the reason for Plaintiff's allegations of racial discrimination and hostile work environment against Wells Fargo.

Under Title VII, to establish a *prima facie* case of a racially hostile work environment, Plaintiff must demonstrate that: "(1) the harassment was unwelcome; (2) the harassment was based on his race . . . ; (3) the harassment was sufficiently severe or pervasive to alter the conditions of employment and create an abusive atmosphere; and (4) there is some basis for imposing liability on the employer." *Causey v. Balog,* 162 F.3d 795, 801 (4th Cir. 1998). Furthermore a *prima facie* case of discriminatory failure to promote under Title VII requires proof that: (1) Plaintiff is a member of a protected group; (2) he applied for the position in question; (3) he was qualified for the position; and (4) he was rejected under circumstances giving rise to an inference of unlawful discrimination. *See Carter v. Ball,* 33 F.3d 450, 458 (4th Cir. 1994). According to both of these tests used in the Fourth Circuit, the essential and underlying element of a *prima facia* case of employment discrimination is that the Plaintiff establish the existence of an employment relationship.

In this instance, however, Plaintiff's Complaint does not allege nor does the record reveal that there was ever an employment relationship between Reid and Wells Fargo. The Complaint only contains two references concerning Wells Fargo: (1) on the first page of the Complaint, Plaintiff alleges that Wells Fargo exchanged information with Constellation and "created the conspiracy and blacklisting" of which he (allegedly) is a victim, and (2) in the "Parties" section of the Complaint. While Plaintiff's Motion to Vacate Motions to Dismiss alleges that Wells Fargo communicated certain foreclosure documents to Niagara Mohawk and destroyed Reid's personal documents by placing them in the rain, Plaintiff fails to provide evidence to substantiate his employment discrimination claims against Wells Fargo. Aside from stating that he is an African-American male, Plaintiff does not assert how an employment relationship existed between him and the Defendant Wells Fargo. Therefore, since Plaintiff's Complaint does not

allege any of the necessary prima facie elements of a Title VII employment discrimination claim against Wells Fargo, Plaintiff's Title VII discrimination claims are dismissed and Wells Fargo's Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is GRANTED.

**II.     Constellation's 12(b)(6) Motion**

The Defendant Constellation has moved for dismissal on all counts of the Complaint and argues that Plaintiff's claims are barred by *res judicata* and collateral estoppel in light of the judgments entered in the United States District Court for the Northern District of New York.[6] It is a fundamental principle of the judicial system that parties have a right to a full and fair litigation of their claims. *Montana v. United States,* 440 U.S. 147, 153 (1979). However, to further judicial economy principles, protect parties against "the expense and vexation attending multiple lawsuits . . . and foster reliance on judicial action by minimizing the possibility of inconsistent decisions," prior judgments must foreclose a party's ability to litigate. *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (quoting *Montana*, 440 U.S. at 153-54). "The preclusive effect of a judgment is defined by claim preclusion and issue preclusion . . . collectively referred to as *res judicata.*" *Taylor*, 553 U.S. at 892 (2008). On the one hand, the claim preclusion doctrine inhibits a Plaintiff from raising the same claims in a successive litigation where a prior suit involving the same parties or privies resulted in a final judgment on the merits. *See Montana,* 440 U.S. at 153. On the other hand, issue preclusion, or collateral estoppel, prevents the relitigation of factual or legal issues previously "litigated and resolved in a valid court

---

[6] Constellation also argues that the rule against claim-splitting prohibits Plaintiff from raising causes of action, not raised in the previous lawsuit, in the present lawsuit. Although "claim splitting is based on the same principles as *res judicata*," *res judicata* is appropriate when there has been a final judgment on the merits, while claim splitting applies when "two suits are pending at the same time." *Sensormatic Security Corp. v. Sensormatic Electronics Corp.*, 452 F.Supp.2d 621, 626 n. 2 (D.Md. 2006). Since there is no evidence that another lawsuit concerning these issues is pending in Federal Court, this Court finds that a claim splitting rationale is not applicable in the present case.

determination essential to the prior judgment." *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001). An action must meet a number of factors in order for claim preclusion and issue preclusion to apply and foreclose a Plaintiff's ability to litigate. This Court addresses each issue successively.

    A. Claim Preclusion

The doctrine of claim preclusion requires: 1) identity or privity of parties between the present and original lawsuit; 2) substantial similarity of the claims; and 3) a valid final judgment on the merits in the original litigation. *Shoup v. Bell & Howell Co.,* 872 F.2d 1178, 1179 (4th Cir. 1989)*; see also Adkins v. Allstate Ins. Co.,* 729 F.2d 974, 976 (4th Cir. 1984).

With regard to the first element, "[p]rivity in the *res judicata* sense generally involves a person so identified in interest with another that he represents the same legal right." *Anyanwutaku v. Fleet Mortgage Group,* 85 F.Supp.2d 566, 571 (D. Md. 2000) (quoting *FWB Bank v. Richman,* 354 Md. 472, 731 A.2d 916, 930 (Md. 1999)). Constellation Energy Group and Constellation Nuclear, LLC were both parties to the 2007 action filed by Plaintiff Reid. This case was dismissed by the United States District Court for the Northern District of New York on the ground that it was barred by the decision of the same court in Reid's 2001 racial discrimination action. Although the relationship between Niagara Mohawk and Constellation is somewhat muddled, Plaintiff alleges in both instances that he was employed by them when he worked at the Nine Mile Point Nuclear Station. This Court, therefore, finds that the privity requirement for claim preclusion is satisfied.

Whether this case meets the second requirement "does not turn on whether the claims asserted are identical." *Pueschel v. United States,* 369 F.3d 345, 355 (4th Cir. 2004). Instead, the determination turns on whether the two suits "arise out of the same transaction or series of

transactions or the same core of operative facts." *Keith v. Aldridge,* 900 F.2d 736, 740 (4th Cir. 1990); 18 Wright, Miller & Cooper, *Federal Practice & Procedure: Jurisdiction 2d* § 4407 (2d ed. 2002). Accordingly, a party who asserts a right to relief arising out of a particular transaction or occurrence must join all claims arising from it, or the omitted claims will be barred under the claim preclusion doctrine. *Meekins v. United Transp. Union,* 946 F.2d 1054, 1057 (4th Cir. 1991). The rule is designed to avoid the costs, delay, and potential for inconsistent decisions that accompany interminable relitigation of the same case. *Montana,* 440 U.S. at 153-54. Plaintiff's Complaints in the present case as well as in the cases filed in the Northern District of New York are all quasi-duplicates of each other. They each concern the period of time between 1985 and 2002 during which Reid was employed with Niagara Mohawk and worked at the Nine Mile Point Nuclear Station. They each allege that he was the victim of a racially hostile work environment and that Defendants failed to promote him on account of his race. Consequently, this Court is satisfied that the requirement that the claims arise out of the same transaction or series of transactions is met.

Finally, federal law controls the assessment of the preclusive effect of an earlier federal judgment. *See Harnett v. Billman,* 800 F.2d 1308, 1312-13 (4th Cir. 1986). Where federal courts are involved, "the general principle is to avoid duplicative litigation." *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976). In 2006, the District Court for the Northern District of New York granted summary judgment in favor of the Defendant Niagara Mohawk and dismissed Reid's complaint. This decision was affirmed by the United States Court of Appeals for the Second Circuit on April 27, 2002. On May 7, 2007, Reid re-filed essentially the same action against Niagara Mohawk and additional defendants, including Constellation, in the United States Court for the Northern District of New York. The District

Court dismissed the action on the basis of the 2006 judgment. Summary judgment pursuant to Rule 56 of the Federal rules of Civil Procedure provides that judgment is appropriate when there is no genuine issue as to any material fact, and the moving party is plainly entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc*. 477 U.S. 242, 249 (1986). Thus, a grant of a summary judgment motion is a final decision on the merits of a case. Therefore, the third element of claim preclusion is satisfied. For this reason, under the doctrine of claim preclusion, the 2006 and 2008 judgments in the Northern District of New York foreclose Plaintiff's present litigation.

      B. Issue Preclusion

Alternatively, Reid's claims are also barred by issue preclusion. As between the past and present litigation, issue preclusion requires (1) an identical issue, (2) actual determination of the issue in the prior litigation, (3) that the determination of the issue was "critical and necessary . . . [to] the decision in the prior proceeding," (4) a valid final judgment, and (5) that "the party against whom estoppel is asserted . . . had a full and fair opportunity to litigate the issue in the previous forum." *Sedlack v. Brawell Services Group, Inc.,* 134 F.3d 219, 224 (4th Cir. 1998). The present case meets all five of these requirements. In this case, Reid brings identical claims of racially hostile work environment and failure to promote on account of race that he brought in the two previous actions in the United States District Court for the Northern District of New York. In 2007, that court granted the defendant's motion for summary judgment and dismissed Plaintiff's complaint. In the second action, the court ostensibly applied the doctrines of claim preclusion and issue preclusion to dismiss Plaintiff's action. Thus, there was an actual determination of the issues, the prior actions resulted in a final judgment and Plaintiff was given a full and fair opportunity to litigate. Consequently, Plaintiff's claims in the instant case are also

barred by the doctrine of issue preclusion. Defendant Constellation's Motion to Dismiss pursuant to Rule 12(b)(6) is GRANTED.

### III. Dismissal with Prejudice

This Court dismisses Plaintiff's Complaint (ECF No. 1) with prejudice. In *Forman v. Davis,* 371 U.S. 178, 182 (1962), the Supreme Court of the United States held that "repeated failure to cure deficiencies by amendments previously allowed" and "futility of amendment" are sufficient reasons for denying a request for leave to amend. *See also U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.,* 525 F.3d 370, 376 (4th Cir. 2008) (holding that the court has discretion to determine if further amendment would be futile and to dismiss with prejudice); *Cozzarelli v. Inspire Pharms., Inc.,* 549 F.3d 618, 630 (4th Cir. 2008) (holding that dismissal with prejudice was warranted where "amendment would be futile in light of the [complaint's] fundamental deficiencies"); *Ganey v. PEC Solutions, Inc.,* 418 F.3d 379, 391 (4th Cir. 2005) (affirming a denial of leave to amend where any amendment would be futile).

Here, dismissal with prejudice is appropriate. Plaintiff has no presently pending motion for leave to amend and his previous actions as well as the response to Defendants motions to dismiss did not cure the fundamental deficiencies of his Complaint. Plaintiff continues to rely on conclusory allegations and fails to establish the elements of his causes of action. Moreover, to the extent that Reid could further amend his Complaint to set forth valid causes of action, it is clear that the Defendants are immune from suit under the doctrine of *res judicata*. Accordingly, further amendment would be futile, and Reid's Complaint must be dismissed with prejudice.

### CONCLUSION

For the reasons stated above, Defendants Constellation Energy Group and Constellation Nuclear, LLC's Motion to Dismiss (ECF No. 16) is GRANTED. Defendants Wells Fargo Home

Mortgage and Wells Fargo Bank, N.A.'s Motion to Dismiss (ECF No. 19) is GRANTED. Plaintiff's "Motions to Vacate Motions to Dismiss" (ECF Nos. 30 & 31) are DENIED as MOOT, as they are not technically motions requiring disposition. Moreover, Plaintiff's Complaint (ECF No. 1) is DISMISSED WITH PREJUDICE. Finally, Plaintiff's Motion for Extension of Time and for Leave to Proceed in Forma Pauperis (ECF No. 29) is DENIED as MOOT.

A separate Order follows.

Dated: September 12, 2011    /s/_____
Richard D. Bennett
United States District Judge